SAMUEL BORGER ET AL. V. COLUMBUS (CITY) ET AL.

1. PETITIONING FOR STREET IMPROVEMENT EVIDENCE THAT ABUTTING PROPERTY WILL BE SPECIALLY BENEFITED.

The act of abutting property owners in petitioning for a certain street improvement, is evidence tending to show that the improvement, if made, will specially benefit their property, and may properly be treated as an acquiescence on their part to the assessment to pay the cost thereof; but such act does not estop them from challenging an illegal assessment.

2. DEPRESSION IN REAL ESTATE MARKET DOES NOT DESTROY SPECIAL BENEFIT TO PROPERTY FROM STREET IMPROVEMENT.

Where there was a serious depression in the real estate market immediately after the making of a street improvement, the mere fact that the owners of the. abutting property could not get any more for their property after than before the improvement, is not sufficient to show that their property was not specially benefited by the improvement.

APPEAL from Franklin common pleas court.

**G. B. Okey** and **F. A. Davis,** for plaintiff.
**J. M. Butler,** for defendant.

## SULLIVAN, J.

Plaintiffs in their petition in this cause admit that a special benefit accrued to their respective lots, by the improvement set forth in their petition, claiming, however, that it did not exceed the amount of $2.50 per front foot. The city, by its answer claims that the assessment is not in excess of benefits.

The testimony of plaintiff's witnesses, with one exception, is, that there was no special benefit from the improvement; that the market value of the property was no higher after than before the improvement, whilst that of the city is, that the benefit is greater than the assessment. One witness, David Scolie, for defendant, states that the cost was too great in his opinion; the benefits were six dollars per front foot. The witnesses of plaintiff are residents, owners, and occupiers of the property assessed, whilst those called by the city are residents in other parts of the city, not owners of any property upon State street, and mostly persons engaged as real estate agents, all these with the exception of Scolie, testified that the special benefits were greater than the assessments. Upon this testimony the court is asked to determine the amount of special benefits, if any, to the property from the improvement.

Borger v. Columbus.

Plaintiffs contend that the testimony of those owning property and residing upon the street improved are for this reason entitled to more credit, being the better judges as to the values of their property before and after the improvement, whilst the city contends that its witnesses because of their occupation as real estate agents, wholly disinterested in the result of this cause, are the better judges and hence their testimony is of greater weight. The question is to be determined from all the testimony considering the interest of witnesses along with the opportunities of knowing the matters about which he or they are called upon to testify. First, we have the admission of plaintiffs that their respective properties are benefited at least two dollars and fifty cents per front foot; one of plaintiff's witnesses testifies it amounts to about three dollars front foot. Scolie, who owns and occupies property upon the street that is assessed, considering the condition of the street before the improvement, is of the opinion that the benefit amounted to six dollars front foot.

Several witnesses testify that following the completion of the improvement came a serious depression in the market value of real estate; that the property upon this street like all other real estate similarly situated in the city was affected by the depression; that there was but little or no demand for real estate and scarcely any sales, particularly upon this street, and hence it could not be said that the reason why owners of property upon this street were not able to get any more for their property after than before the improvement, was because it was not benefited. If there was no demand because of the depression in prices, the improvement could not create a demand. It must be admitted, as it is in this case, that a street improvement of this character is a special benefit to abutting property. What that benefit is here, must be determined from the testimony, in which we find a serious conflict.

We notice by an exhibit introduced that some of the plaintiffs in this case by petition to the board of public works, asked that the improvement be made with Hallwood block and the contract awarded to the Ohio Paving Company. This shows that these parties were aware of what the improvement would cost, and it may be properly treated as an acquiesence on their part, if not an expression of a desire that the improvement be made. Whilst this does not estop them from challenging an illegal assessment, yet we think it tends to prove that owing to the change the improvement would make in the street a special benefit would accrue to their property.

The conclusion we have reached is, that eleven of the semiannual

installments are equal to the special benefits accruing to the respective properties of the plaintiffs' from the improvement, and it is therefore ordered and adjudged that all assessments over and above said amounts be enjoined and cancelled. Upon the question of interest we agree with the judgment of the court below, and the judgment here upon that question will be the same. The costs will be taxed to the city.

**Dustin** and **Wilson, JJ.,** concur.